**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 22-0369** (Jefferson County CC-19-2020-F-26)

**Godfrey Eugene Warren,**
**Defendant Below, Petitioner**

**MEMORANDUM DECISION**

Petitioner appeals the judgment order of the Circuit Court of Jefferson County, entered on December 6, 2021, confirming that the circuit court denied petitioner's motion for judgment of acquittal and adjudging petitioner guilty of felony conspiracy (W. Va. Code § 61-10-31) and possession of a firearm by a prohibited person (W. Va. Code § 61-7-7(b)(1)). For these convictions, the court sentenced petitioner to concurrent terms of imprisonment for one to five years and eight years, respectively.[1] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision is appropriate. See W. Va. R. App. Proc. 21.[2]

Mr. Warren was convicted in a jury trial in November 2021 of the charges described above. The evidence offered in support of his conviction was centered on events that unfolded over several days when Mr. Warren, a convicted felon, and several other individuals appeared at various businesses where they purchased or attempted to purchase firearms. At his trial, Shanikqua Clark testified that Mr. Warren and at least one other individual (also legally prohibited from purchasing firearms) engaged her to purchase firearms for resale. Police ultimately seized several of the guns purchased by Ms. Clark in a hotel room that Mr. Warren shared with the other individual (his codefendant). Though Mr. Warren did not directly engage in a firearms transaction, the jury found that the evidence supported the conclusion that he conspired to violate West Virginia Code § 61-7-10(f) (2010)[3], which at the time of the events underlying Mr. Warren's indictment provided, in part:

---

[1] Mr. Warren's firearm possession sentence was enhanced with an additional five years for a subsequent recidivist conviction under West Virginia Code § 61-11-18.

[2] Mr. Warren appears by counsel B. Craig Manford. Respondent State of West Virginia appears by Attorney General Patrick Morrisey and Assistant Attorney General Andrea Nease Proper.

[3] This prohibition is now found at West Virginia Code § 61-7-10(e).

1

Any person who knowingly solicits, persuades, encourages or entices a licensed dealer or private seller of firearms or ammunition to transfer a firearm or ammunition under circumstances which the person knows would violate the laws of this state or the United States is guilty of a felony. Any person who willfully procures another to engage in conduct prohibited by this subsection shall be punished as a principal.

The jury further found that Mr. Warren, who stipulated that he was previously convicted of armed robbery, violated West Virginia Code § 61-7-7(b)(1), which prohibits any person "[w]ho has been convicted in this state or any other jurisdiction of a felony crime of violence against the person of another . . ." from possessing a firearm.

Mr. Warren asserts three assignments of error on appeal. He argues, first, that the circuit court erred because it did not "direct a verdict" in his favor after the State failed to present evidence that he unlawfully possessed a firearm. Next, he argues that the circuit court erred in failing to delay his criminal trial when he "arrived late on the first day of trial if the court believed him to be impaired and unable to assist [his] counsel in his defense." Finally, he argues that the circuit court erred when it denied his post-trial motion for a judgment of acquittal after the State failed to prove a necessary element—that he solicited a licensed firearms dealer to violate state firearms laws—of West Virginia Code § 61-7-10(f), and thus failed to prove that he conspired to violate that statute.

We begin with the first assignment of error, concerning the sufficiency of the evidence supporting Mr. Warren's conviction of possession of a firearm by a prohibited person. At the conclusion of the State's case-in-chief, Mr. Warren's counsel moved for a judgment of acquittal, and the circuit court denied his motion.[4] The Court applies a de novo standard of review. *State v. LaRock*, 196 W. Va. 294, 304, 470 S.E.2d 613, 623 (1996). Furthermore,

[t]he function of an appellate court when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, is sufficient to convince a reasonable person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.

---

[4] Counsel's argument in support of his motion specifically addressed counts concerning solicitation of unlawful firearms transactions and conspiracy. While addressing the court in support of these arguments he briefly alluded to "constructive possession" and argued, "But mere proximity, that's all we've got." Based on the context and the arguments made by a codefendant's counsel immediately preceding Mr. Warren's motion, it appears that Mr. Warren was arguing for judgment of acquittal of his other charges, not the possession count. However, the State has not argued that Mr. Warren failed to present a motion for judgment of acquittal on the charge of possession of a firearm by a prohibited person.

Syl. Pt. 1, *State v. Guthrie*, 194 W. Va. 657, 461 S.E.2d 163 (1995). It is undisputed that numerous firearms were seized from the hotel room that Mr. Warren shared with his codefendant. Under the facts presented in this case, it is apparent that Mr. Warren exercised control over firearms. We find no error, and there was sufficient evidence for the jury to find that he was a felon in possession of a firearm.

In his second assignment of error, Mr. Warren argues that the circuit court erred in proceeding with his trial when he was possibly impaired. Mr. Warren provides scant detail of this incident, and he provides no citation to show that his counsel raised concerns about his ability to proceed with trial. Because Mr. Warren sought no relief from the circuit court, we review this assignment of error for plain error. "To trigger application of the 'plain error' doctrine, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Syl. Pt. 7, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995). We find no error on the face of the record before us. The record reflects that the circuit court, after learning that Mr. Warren was involved in a motor vehicle accident during a lunch break, asked Mr. Warren's counsel whether he had concerns about his client appearing under the influence of drugs. Counsel responded, "I've had no indications . . . . [H]e seems fine."[5] During this conversation, Mr. Warren assured the court that he was not under the influence of drugs. Nevertheless, the court informed the parties that it would order that Mr. Warren submit to a drug test. Mr. Warren, however, points to no evidence in the appendix record on appeal to suggest that he submitted to a test that yielded a positive result. Mr. Warren has offered no evidence or authority to persuade us that the circuit court did not adequately protect his interests.

Finally, in his third assignment of error, Mr. Warren argues that the circuit court erred in denying his motion for judgment of acquittal because there was no evidence that he conspired to "solicit a licensed dealer of firearms to violate the firearms law of this state." He argues, in essence, that the conduct for which he is convicted of conspiring is not prohibited by West Virginia law. As with the first assignment of error, we apply a de novo standard of review. *LaRock*, 196 W. Va. at 304, 470 S.E.2d at 623. In support of his argument, however, Mr. Warren "adopts by reference the sole assignment of error contained in the [p]etition for [a]ppeal of his co[]defendant" filed under a separate docket number with this Court.[6] This is a wholly deficient manner of prosecuting an appeal under the rules of this Court, which do not contemplate that a petitioner present his argument through the incorporation of extraneous pleadings or documents. Rather, *Mr. Warren himself* is required to file a brief that

> contain[s] an argument clearly exhibiting the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error. The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the

---

[5] Mr. Warren's trial counsel also appears on his behalf as appellate counsel.

[6] *See State v. Estep*, No. 22-0150.

lower tribunal. The Intermediate Court and the Supreme Court may disregard errors that are not adequately supported by specific references to the record on appeal.

W. Va. R. App. P. 10(c)(7). We, therefore, will disregard Mr. Warren's skeletal argument on this issue (*see State, Dep't of Health & Hum. Res., Child Advoc. Off. on Behalf of Robert Michael B. v. Robert Morris N.*, 195 W. Va. 759, 765, 466 S.E.2d 827, 833 (1995)(citations omitted)), except to note that we find no merit in the fleeting assertion that third-party firearms purchases like those described at Mr. Warren's trial are not prohibited by West Virginia Code § 61-7-10(f) as effective at the time of the conduct underlying Mr. Warren's indictment.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 18, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn